NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YESICA CRISTEL CORTEZ-VICENTE; Y.C.L.-C., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 23-1750 <br><br> Agency Nos. <br> A203-613-977 <br> A203-613-978 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 31, 2026**

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Yesica Cristel Cortez-Vicente and her minor daughter, natives and citizens

of Guatemala, petition for review of a decision of the Board of Immigration

Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the agency's unchallenged determination that Cortez-Vicente did not suffer past persecution.  *See Urias-Orellana v. Bondi*, 607 U.S. 537, 539 (2026) (standard of review); *see also Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (stating that asylum is generally "not available to victims of civil strife, unless they are singled out on account of a protected ground" (quoting *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001)); *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm.").

2.     Because Petitioners did not establish past persecution, they were not entitled to a presumption of a well-founded fear of future persecution.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).  Substantial evidence supports the agency's determination that Petitioners failed to establish an objectively reasonable fear of future persecution on account of a protected ground. Cortez-Vicente failed to establish that she suffered past harm and does not point to any record evidence compelling the conclusion that she faces a risk of future harm.

---

[1] Petitioners filed separate petitions, but Cortez-Vicente's daughter's application was derivative of her mother's.

Accordingly, Petitioner's asylum and withholding of removal claims fail. *See Sharma*, 9 F.4th at 1066.

3.      To be eligible for CAT protection, an applicant must show it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Substantial evidence supports the agency's determination that Petitioners did not meet this burden. Cortez-Vicente does not claim that she suffered past torture. 8 C.F.R. § 1208.18(a)(1) (defining torture). She has not identified any record evidence demonstrating the requisite likelihood of torture and she cannot satisfy her burden to do so with general evidence of human rights issues in Guatemala. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (explaining that "[t]he record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture").

**PETITION DENIED**.[2]

---

[2] Petitioners' motion for stay of removal, Dkt. 2, is denied.

23-1750